# EXHIBIT A



| DISTRICT COURT, MESA COUNTY, COLORADO<br>125 North Spruce<br>Grand Junction, CO 81501<br>970-257-3640 | ORIGINAL FILED IN<br>NOV 2 6 2012<br>COMBINED COURT<br>▲ COURT USE ONLY ▲ |
|---|---|
| Bobbie D Cunningham<br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA N.A.<br>Defendant | Case Number:<br>12 CV 4625<br><br>Division:   Courtroom:<br>10 |
| Bobbie Cunningham<br>16220 Elk Drive<br>Glade Park, Colorado, 81523 | |
| **COMPLAINT FOR DECLARATORY JUDGMENT** | |

Plaintiff Bobbie Cunningham brings this COMPLAINT FOR DECLARATORY JUDGMENT pursuant to C.R.S. § 13-51-101 et seq., C.R.C.P. Rule 56, and C.R.C.P. Rule 105 et seq.

## JURISDICTION

1. Jurisdiction is proper pursuant to Rule 120(d), C.R.S. § 13-51-101 *et seq.*, C.R.C.P. Rule 56, and C.R.C.P. Rule 105(a). C.R.S. § 13-51-105 provides that courts of record within their respective jurisdictions have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. C.R.S. §13-51-106 provides that "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations

1

thereunder. Rule 105(a) provides that: [a]n action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. The court may at any time after the entry of the decree make such additional orders as may be required in aid of such decree.

2. Rule 120(d) provides in the pertinent part that "[n]either the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment. The granting of any such motion shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any right or remedy of the moving party."

## SUMMARY OF CLAIM FOR RELIEF

3. Plaintiff seeks declaratory relief to determine a question of construction under the Deed of Trust of concern herein, of which Plaintiff is Grantor; and particularly whether Mortgage Electronic Registration System ("MERS"), who is the named beneficiary therein as nominee of the purported lender, "*Taylor, Bean and Whitaker Mortgage Corp.*," ("TBW") absent an assignment from TBW, or their assigns, to Bank of America, N.A., Defendant lacks beneficial interest under the deed of trust with the power to execute the power of sale thereunder.

## PARTIES

4. Plaintiff at all times material hereto is the owner of and is occupying the home located on the real property described as SEE ATTACHED EXHIBIT A, COUNTY OF MESA, STATE OF COLORADO which has the address of 16220 ELK DR., GLADE PARK, CO, 81523 ("the Property"). The exact property description is provided in Exhibit A

2

5. Defendant BANK OF AMERICA, N.A., ("BOA") is at all times material hereto, a foreign corporation organized in the State of North Carolina with a business address of 101 South Tryon Street, Charlotte, North Carolina, 28202.

## FACTS

6. The value of the property that is the subject of this suit exceeds $150,000.00.

7. On or about February 5, 2009, Plaintiff as grantor executed a Deed of Trust recorded March 2, 2009 at Reception No. 2478159 in the records of Mesa County, Colorado to secure to Mortgage Electronic Registration Systems, Inc, as nominee for Taylor, Bean and Whitaker Mortgage Corp., the payment of a Promissory Note of even date therewith as provided in said Deed of Trust, conveyed the Property to the Mesa County Public Trustee on the terms set forth in said Deed of Trust.

8. Plaintiff has at no time granted to BOA beneficial interest under the Deed of Trust.

9. At no time did TBW assign BOA the beneficial interest under the deed of trust, nor is BOA a successor of TBW, under the Deed of Trust.

10. BOA is not the beneficiary under the deed of trust with standing to execute the power of sale clause thereunder.

11. BOA has through its attorneys filed a motion under C.R.C.P. Rule 120 with the Mesa County District Court seeking an Order of the Court authorizing a Public Trustee's sale under the power of sale contained in the said Deed of Trust.

## DECLARATORY JUDGMENT

12. Plaintiff reaffirms and realleges paragraphs 1 through 11 as if set forth fully herein.

13. This is an action for declaratory judgment to settle whether notwithstanding the

absence of an assignment of the Deed of Trust to BOA by the original lender, lender's assign or successor, BOA may rely solely on the provisions of C.R.S. §38-38-101(1) as a basis of standing of real party in interest to foreclose on property.

14. Plaintiff has standing to empower this Court to declare rights, status, and other legal relations under the deed of trust whether or not further relief could be claimed. CRCP 57(a),

15. Plaintiff has standing to bring this action pursuant to CRCP 57(b) which provides that any person interested under a deed, will, written contract or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

16. Plaintiff has standing pursuant to CRCP 57(c) to empower this court to construe the parties, duties, rights and benefits under the Deed of Trust.

17. CRCP 57(e) provides that the enumeration in the preceeding sections do not limit or restrict the exercise of the general powers conferred in section (a) of the Rule in any proceedings where declaratory relief is sought in which a judgment or decree will remove an uncertainty.

18. CRCP 57(h) provides that further relief based on a declaratory judgment or decree may be granted whenever necessary or proper.

19. CRCP 57(i) provides that when a proceeding under this Rule involves the determination of an issue of fact that such issues may be tried and determined in the same manner as issues of fact are tried and determined in other actions before the court in which the proceeding is pending, with CRCP 57(m) expressly providing that trial by jury may be demanded and that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases

4

where it is appropriate.

20. CRCP 57(k) provides that the Rule is declared to be remedial and that its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations and is to be liberally construed and administered.

21. BOA is not the beneficiary under the Deed of Trust.

22. BOA lacks the capacity and standing as the real party in interest to execute the power of sale under the Deed of Trust.

23. Plaintiff has executed no security agreement with BOA; and because BOA is attempting to foreclose based on a security agreement, Defendant is precluded as a matter of law from initiating or maintaining a foreclosure action or proceeding arising out of a security agreement.

24. In view of the fact that:

   (a) the Deed of Trust was not executed in favor of BOA; and

   (b) there is no security agreement executed by Plaintiff with BOA; and

   (c) No evidence can be produced demonstrating a chain of assignment of the beneficial interest under the Deed of Trust from Taylor, Bean and Whitaker Mortgage Corp Inc., its assigns or successors, to BOA; and

   (d) BOA is attempting to foreclose on the Property without standing as the real party in interest, as the beneficiary under the Deed of Trust;

   (e) There is a real, actual, and present controversy and Plaintiff is uncertain as to his rights, duties and obligations as grantor of the Deed of Trust, and thus Plaintiff is legally entitled, through this action for Declaratory Relief, to have such uncertainty declared and removed.

25. Pursuant to CRCP 57(h), Plaintiff is entitled to further relief based on this action for a Declaratory Judgment;

26. As the disposition of this action on the merits will require the determination of multiple issues of fact, Plaintiff demands, pursuant to CRCP 57(i) and (m), trial by jury of all issues of fact.

WHEREFORE, Plaintiff requests that this Court issue a Declaratory Judgment as follows:

(a) whether BOA is the beneficiary under the Deed of Trust, with the legal right to foreclose under 38-38-101; and

(b) for any other and further relief which is just and proper under the circumstances.

WHEREFORE, Plaintiff requests that this Court declare the parties, relationships, rights, duties and obligations under the Deed of Trust, and for any other and further relief which the court deems just and proper.

I certify under penalty of perjury that the foregoing facts contained herein are true and correct to the best of my knowledge.

*[signature]*

Bobbie Cunningham
16220 Elk Drive
Glade Park, Colorado, 81523

6

EXHIBIT "A"

10-01132592

THE FOLLOWING DESCRIBED REAL ESTATE SITUATED, LYING AND BEING IN THE COUNTY OF MESA, AND STATE OF COLORADO, TO-WIT:

A CERTAIN TRACT OR PARCEL OF LAND IN MESA COUNTY, IN THE STATE OF COLORADO, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF THE SW 1/4 SW 1/4 OF SECTION 25 OF INDEPENDENT RESURVEY OF TOWNSHIP 12 SOUTH, RANGE 102 WEST OF THE 6TH PRINCIPAL MERIDIAN;

THENCE WEST 330 FEET;

THENCE SOUTH 660 FEET;

THENCE EAST 330 FEET;

THENCE NORTH 660 FEET TO THE POINT OF BEGINNING;

TOGETHER WITH AN EASEMENT APPURTENANT THERETO 60 FEET IN WIDTH FOR ROADWAY AND UTILITY PURPOSES AS DESCRIBED AND SET FORTH IN THE CERTAIN DEED RECORDED JULY 10, 1978, IN BOOK 1156 AT PAGE 696;

AND TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF ROADWAY AND UTILITY PURPOSES 30 FEET IN WIDTH DESCRIBED AS FOLLOWS;

BEGINNING AT A POINT WHERE THE EAST BOUNDARY OF THE EXISTING ROADWAY INTERSECTS THE SOUTH BOUNDARY OF THE SAID SW 1/4 SW 1/4 OF SECTION 25 WHICH POINT IS APPROXIMATELY 200 FEET WEST OF THE SOUTHEAST CORNER THEREOF JOINING THAT 60 FEET NON-EXCLUSIVE EASEMENT RECORDED JULY 10,1978 IN BOOK 1156 AT PAGE 696 OF THE RECORDS OF THE CLERK AND RECORDER OF MESA COUNTY, COLORADO;

THENCE NORTH 660 FEET TOT THE SOUTH BOUNDARY OF THE TRACT HEREBY CONVEYED;

THENCE WEST 30 FEET;

THENCE SOUTH 660 FEET TO A POINT 30 FEET WEST OF THE POINT OF BEGINNING;

THENCE EAST 30 FEET TO THE POINT OF BEGINNING.

COUNTY OF MESA, STATE OF COLORADO.

BEING THE SAME PROPERTY CONVEYED TO BOBBIE D. CUNNINGHAM BY DEED FROM MARYA E. CUNNINGHAM, WHO ACQUIRED TITLE AS MAYA ELENA CUNNINGHAM RECORDED 06/10/2008 IN DEED BOOK 4679 PAGE 485, IN THE OFFICE OF THE CLERK AND RECORDER OF MESA COUNTY, COLORADO.

## VERIFICATION AND ACKNOWLEDGMENT

I hereby state, affirm, and asseverate under penalty of perjury that I have read the foregoing complaint and have first hand knowledge of the same and that the statements set forth herein are true and correct.

_____
Bobbie Cunningham

The Foregoing instrument was acknowledged before me in the County of Mesa, State of Colorado this____ day of November, 2012 by Bobbie Cunningham.

My Commission Expires: _____

_____
Notary Public/Deputy Clerk

7