# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## U.S. Magistrate Judge Gordon P. Gallagher

Civil Case No. 1:12-cv-03316-MSK-GPG

BOBBIE D. CUNNINGHAM

     Plaintiff,

v.

BANK OF AMERICA

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

### Gordon P. Gallagher, United States Magistrate Judge

Before the Court is Defendant's Motion to Dismiss (document # 7).  In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C.Colo. LCivR 72.1C, the matter is referred to this Court for recommendation.  The motion is fully briefed.  Based upon the entirety of the record, the Court RECOMENDS that Defendant's Motion to dismiss be **GRANTED**[1].

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**Facts**

A.      Undisputed Facts

A Scheduling Order was proposed by the parties.  The parties agree that the following relevant facts are undisputed:  On February 3, 2009, Plaintiff obtained a refinance loan in the amount of $189,561.00, secured by a deed of trust identifying property commonly known as 16220 Elk Drive, Glade Park, Colorado  81523.  Taylor, Bean and Whitaker Mortgage Corp. is the lender and Mortgage Electronic Registration Systems, Inc. (MERS) is named beneficiary under the deed of trust as nominee for Taylor, Bean and Whitaker Mortgage Corp.  Bank of America N.A. (BANA) (also BOA as per Plaintiff) serviced the loan.  Plaintiff defaulted on the loan.  BANA, acting as the loan servicer, initiated foreclosure proceedings under Rule 120 by filing a Notice of Election and Demand for Sale on June 1, 2012 with the public trustee of Mesa County.  BANA initiated a proceeding under Rule 120 by filing, among other documents, a statement by an attorney for qualified holder, attesting that BANA was the holder of the Note, and agreeing to certain indemnification obligations should the statement be inaccurate as provided under C.R.S. § 38-38-101(6)(b).

B.      Additional Facts

Plaintiff attached to his initial Complaint for Declaratory Judgment the following documents:  Exhibit A: the legal description of the 16220 Elk Drive property and Exhibit B: Deed of Trust executed by Plaintiff in February, 2009 with Manufactured Home Rider executed the same day.  Those two exhibits are hereby incorporated by reference.

In addition, the Court takes judicial notice of the following items:  the Note for the 16220 Elk Drive property executed February, 2009; the Assignment of Deed of Trust executed

February 27, 2012; the Notice of Election and Demand for Sale dated May 31, 2012; the Loan Modification Agreement with attachments executed January 26, 2011. Each of the aforementioned documents was included within document 7-2 of this action, thus being provided by Defendant.

Defendant has moved the Court to take judicial notice of said documents. The type of facts that the Defendant requests the Court to take judicial notice of are not subject to reasonable dispute as their accuracy can be readily determined from sources whose accuracy cannot reasonably be questioned. Each of the facts proposed for judicial notice are contained within documents filed with the Mesa County Clerk and Recorder. Therefore, pursuant to Federal Rule of Evidence 201(b), the Court does take judicial notice of the aforementioned facts.

Defendant filed, with its Motion to Dismiss, a Request for Judicial Notice (document 7-1). At the risk of being duplicative but in the hope of being clear, the Court hereby takes judicial notice of each of the following documents as requested by the Defendant and as attached to Defendant's Motion to Dismiss:

1.   The Deed of Trust and Note dated February 3, 2009.

2.   The Assignment of Deed of Trust dated February 27, 2012.

3.   The Notice of Election and Demand for Sale by Public Trustee dated May 31, 2012.

4.   A copy of the County of Mesa District Court electronic filing dated August 3, 2012, Filing ID 45652421, which includes the Loan Modification agreement, Note, Deed of Trust and Statement by Attorney for Qualified Holder pursuant to C.R.S. § 38-38-101.

**Procedural History**

Plaintiff filed his Complaint in Mesa County District Court on November 26, 2012.  The matter was removed to this Court on December 20, 2012.  The matter has been referred for recommendation to this judicial officer on Defendant's Motion to Dismiss (document #7).

Plaintiff plead the following in his Complaint for Declaratory Judgment:

> a.      Plaintiff seeks declaratory relief to determine a question of construction under the Deed of Trust of concern herein, of which Plaintiff is Grantor; and particularly whether Mortgage Electronic Registration System ("MERS"), who is the named beneficiary therein as nominee of the purported lender, *"Taylor, Bean and Whitaker Mortgage Corp."* ("TBW") absent an assignment from TBW, or their assigned, to Bank of America, N.A., Defendant lacks beneficial interest under the deed of trust with the power to execute the power of sale thereunder.

> b.      This is an action for declaratory judgment to settle whether notwithstanding the absence  of an assignment of the Deed of Trust to BOA by the original lender, lender's assign or successor, BOA may rely solely on the provisions of C.R.S. § 38-38-101(1) as a basis of standing of real party in interest to foreclose on property.

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff has failed to state a claim upon which relief may be granted.  Plaintiff has responded and Defendant replied.

**Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.  Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011).

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC,* 656 F.3d at 1215. Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the

elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## Analysis

In his Complaint, Plaintiff alleges the following facts:  Paragraph. 8: Plaintiff has at no time granted to BOA beneficial interest under the Deed of Trust;  Paragraph. 9: At no time did TBW assign BOA the beneficial interest under the deed of trust, nor is BOA a successor of TBW, under the Deed of Trust;  Paragraph: 10. BOA is not the beneficiary under the deed of trust with standing to execute the power of sale clause thereunder.

As stated above, the Court must consider the factual allegations to determine if they plausibly suggest an entitlement to relief.  The Court must consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.  The court may consider documents which are not attached to the complaint in a circumstance such as this where the additional documents/ facts are incorporated by reference or judicially noticed. *See City of Boulder v. Public Serv. Co.,* 996 P.2d 198, 203 (Colo. App. 1999); *Walker v. Van Laningham*,  148 P.3d 391, 397 (Colo. App. 2006).  "If [the] documents contradict the allegations of the . . . complaint, the documents control and [the] court need not accept as true the allegations in the  . . . complaint." *Rapoport v. Asia Electronics Holding Co.*,  88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

Plaintiff states that Plaintiff has at no time granted to BOA beneficial interest under the Deed of Trust.  This statement is directly contradicted a number of facts which are undisputed, incorporated or judicially noticed.  On February 5, 2009, Plaintiff executed the Deed of Trust (Deed).  By the clear language of the Deed, Plaintiff agrees that the immediate beneficiary is

MERS.  MERS is acting as nominee for TBW.  MERS is acting as nominee for the lender and the lender's successors and **assigns** (emphasis added).  Nothing in the Deed prohibits MERS from assigning as MERS sees fit.

Plaintiff states that at no time did TBW assign BOA the beneficial interest under the deed of trust, nor is BOA a successor of TBW.  This statement is directly contradicted by a number of facts which are undisputed, incorporated or judicially noticed.  Document 7-2 page 16 is the Assignment of Deed of Trust.  This document, filed as Defendant's exhibit 2 to the Motion to Dismiss, has been judicially noticed.  This document shows that TBW assigned the Deed of Trust to Bank of America on February 27, 2012.

It should also be noted than the loan was modified in this matter.  On January 20, 2012, Plaintiff signed a Loan Modification Agreement with BAC Home Loans, a subsidiary of Bank of America.  This Modification Agreement clearly references that it is with regard to the same original loan on the 16220 Elk Drive property in all respects.

Non Issues:

Plaintiff has chosen not to put into dispute a number of potential arguments.  Plaintiff does not dispute that on February 3, 2009, Plaintiff obtained a refinance loan in the amount of $189,561.00, secured by a deed of trust identifying property commonly known as 16220 Elk Drive, Glade Park, Colorado  81523.  Plaintiff does not dispute that Taylor, Bean and Whitaker Mortgage Corp. is the lender and Mortgage Electronic Registration Systems, Inc. (MERS) is named beneficiary under the deed of trust as nominee for Taylor, Bean and Whitaker Mortgage Corp or that BANA serviced the loan.  Plaintiff does not dispute that Plaintiff defaulted on the loan.  Plaintiff does not dispute that BANA, acting as the loan services, initiated foreclosure

proceedings under Rule 120 by filing a Notice of Election and Demand for Sale on June 1, 2012 with the public trustee of Mesa County

Issues:

Plaintiff essentially brings two questions in this action for declaratory judgment:

First:  Does Defendant have a  beneficial interest under the deed of trust with the power to execute the power of sale thereunder?

The undisputed facts in this case show that if Defendant had a beneficial interest under the deed of trust with the power to execute a sale, Defendant would be justified so doing. Plaintiff factually disputes that Defendant possesses such a beneficial interest.  If the Court accepted as true the Plaintiff's factual assertion that Defendant did not possesses a beneficial interest, this matter would survive a Rule 12(b) motion to dismiss.  As stated in *Iqbal*, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Iqbal*, *supra at*  681.  "Courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly, supra at* 555.  "If [the] documents contradict the allegations of the . . . complaint, the documents control and [the] court need not accept as true the allegations in the  . . . complaint."  *Rapoport v. Asia Electronics Holding Co.*,  88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

Here, a plain reading of the documents contradicts Plaintiff's allegations.  Defendant executed the Deed.  The Deed was assignable. In fact, the Deed was assigned.  Even had the Deed not been assigned, BANA would have the power and right to foreclose on the property as Defendant correctly asserts in Defendant's Motion to Dismiss.

Here, Plaintiff makes a legal conclusion couched as a factual allegation. Plaintiff's argument that Defendant does not possess a beneficial interest is just that, an argument but one that is bereft of factual support. A plain reading of the documents, even of just Plaintiff's submission, shows that Defendant in fact holds a beneficial interest.

For that reason, Plaintiff fails to state a claim upon which relief may be granted.

Second: If there was no assignment of the Deed of Trust to BANA by the original lender can BANA foreclose on property?

The Court believes that this argument is moot. Even were this argument not moot, the Defendant has properly stated that there need be no assignment of the Deed to BANA in order that BANA foreclose on the property. However, there was an assignment on February 27, 2012. Here, the documents contradict the allegations and the documents, of which the Court has taken judicial notice, control. Here, Plaintiff makes a legal conclusion couched as a factual allegation. Plaintiff's argument that the Deed was not assigned is just that, an argument with no factual support. A plain reading of the documents shows that the Deed was assigned.

The Court need not accept as true the bare assertion that there was no assignment of the Deed when the documents contradict that assertion and the documents control. If there was an assignment, as there was here, Plaintiff's claim for relief is not plausible and thus Plaintiff is not entitled to relief.

For that reason, Plaintiff fails to state a claim upon which relief may be granted.

**Conclusion**

Plaintiff fails to state plausible claims that would entitle Plaintiff to declaratory judgment.

Accordingly, the Court respectfully RECOMENDS that the Defendant's Motion to Dismiss be

**GRANTED**.

Dated at Grand Junction, Colorado, this 3rd day of April, 2013.

BY THE COURT:

/s/ Gordon P. Gallagher

Gordon P. Gallagher
United States Magistrate Judge